## MUIR v. THOMSON.

1. After plaintiff commenced her action for partition, defendant instituted his action against the public escheator for the partition of the same property, ignoring the plaintiff's claim, and then answered in the first action, denying that plaintiff had any interest in the property. *Held,* that the plaintiff was properly permitted to file an amended and supplemental complaint alleging these proceedings.
2. And this defendant was properly enjoined from proceeding with his action, especially so after notification of escheat filed by the escheator.
3. But the legislature having prescribed the mode of proceeding to determine the question of escheat, no other mode can be recognized; the escheator, therefore, was not a proper party to this (the first) action, and there was no error in refusing to enjoin his proceeding under the statute.
4. Whether there can be escheat where there is a will, may properly be determined only in the proceeding for escheat.
5. *It seems* that a notice of appeal from an order refusing an injunction does not operate as a stay of the matter sought to be enjoined.

Before Fraser, J., Charleston, July, 1887.

Action by Jean R. Muir against John Thomson. The case is sufficiently stated in the opinion.

*Messrs. Rutledge & Rutledge* and *T. M. Mordecai,* for plaintiff.

*Messrs. Barker, Gilliland & Fitzsimons* and *J. C. Millar,* for Thomson.

*Mr. J. E. Burke,* for Eason, the escheator.

April 19, 1888. The opinion of the court was delivered by

Mr. Justice McIver. William Robb, late of the city of Charleston, died in 1883, leaving a will, of which the defendant, John Thomson, is the duly qualified executor, whereby he devised and bequeathed his whole estate, both real and personal, as follows: so much thereof as he was entitled to in common with his late partner, John Thomson, he gave to said Thomson for life, and the balance of his estate, together with the remainder .

after said life estate, he gave to "such person or persons, and in such shares or proportions as they shall be entitled to the same under the laws of the State aforesaid relating to the distribution of the estates of intestates." On March 22, 1887, the plaintiff filed her complaint against the defendant, Thomson, in his own right, and as executor of William Robb, alleging that she, as the sister of William Robb, was the only person entitled to the estate under his will, and asking that the portion of the estate to which she was immediately entitled be delivered to her, that Thomson account as executor, and that proper provision be made for the protection of her interest in remainder.

On April 16, 1887, a notification of escheat was filed, which had been issued to the Circuit Judge on March 31, 1887, in which it was alleged that William Robb had died leaving no lawful heirs, to the end that such proceedings might be had as would secure the rights and interests of the State in the real estate and the rents and profits thereof left by said Robb as escheated property.

On April 20, 1887, John Thomson commenced an action against defendant Eason, as escheator, for the purpose of partitioning the estate of William Robb so as to set off to him that portion to which he was entitled as life-tenant under the will, in which action Thomson alleged and claimed that Robb had died, leaving no person who could lawfully claim any portion of his estate, except the life interest given to him. On April 21, 1887, Thomson filed his answer to the complaint against him for partition and account filed by the plaintiff, in which he denied that she was the lawful heir of William Robb.

On July 5, 1887, Judge Fraser, at chambers, passed an order granting plaintiff leave to file an amended and supplemental complaint, and on July 8, 1887, the same was filed, making Eason, as escheator, a party defendant, repeating the allegations of the original complaint, reciting the several proceedings that had taken place since the action was originally commenced, and demanding judgment as in the original complaint, and also that Thomson be enjoined from further prosecuting his action against Eason as escheator, and that Eason should be enjoined from further proceedings in and under his notification of escheat.

After the service of this amended and supplemental complaint Judge Fraser granted a temporary restraining order, as prayed for, with a rule to show cause why the same should not be continued until the hearing on the merits. On July 19, 1887, this rule to show cause was heard and an order was granted continuing the injunction restraining Thomson from further proceeding with his action for partition against Eason, as escheator, until the further order of the court, but refusing to enjoin the proceedings for escheat. On the same day plaintiff gave notice of appeal from so much of the order as refused the injunction restraining further proceedings in escheat, and at the same time moved for an order to suspend such proceedings, upon the ground that the notice of appeal operates as a stay, which motion was refused, and plaintiff at once gave notice of appeal, but notwithstanding this notice of appeal the Circuit Judge caused the jury to be impanelled and inquest had, and the same was certified to the escheator, but when the clerk was about to advertise for all persons to come in and make their claim, all further proceedings were arrested by an order obtained under a proceeding for prohibition. The defendant, Thomson, also appeals from the order granting leave to file the amended and supplemental complaint upon the several grounds set out in the record.

The questions raised by the several appeals may be stated in a general way as follows: 1st. Whether the Circuit Judge erred in granting leave to file the amended and supplemental complaint. 2nd. Whether there was error in refusing to enjoin the escheator from further prosecuting the proceeding commenced by him. 3rd. Whether there was error in enjoining the defendant, Thomson, from proceeding with his action against the escheator for partition. 4th. Whether there was error in refusing the motion to stay proceedings pending the appeal from the order refusing to enjoin the escheator.

When the plaintiff commenced her action (the first in the series of proceedings under consideration), it does not appear that she knew, or had any reason to suspect, that there was, or would be, any other claimant of the property, and if Thomson, the executor, was desirous of disputing her claim upon the ground that the property was liable to escheat, it seems to us that

his proper course would have been to have made that question in the action brought by the plaintiff against him. But before filing his answer, and thereby raising an issue with the plaintiff, he instituted another action against a third party, the escheator, in which the claim of the plaintiff was wholly ignored, and the liability of the property to escheat was, in terms, admitted by him ; after which he filed his answer to the plaintiff's action, raising the very issue which he had assumed as determined in his action against the escheator. What, then, was the plaintiff to do ? She was not a party to the action against the escheator, and could not have been heard in this cause ; and if she had stood by and allowed the latter action to proceed, the very property which she was claiming from the executor would be in process of partition between the person against whom she was asserting her claim and a third party.

. Unless, therefore, the proceedings in Thomson's action against the escheator should be, in some way, arrested, it might, as Judge Fraser says, lead to serious complications, and the proper course for that purpose, by amended and supplemental complaint, was adopted by the plaintiff; for here was a fact—the commencement of the action by Thomson against the escheator—which had occurred after the institution of plaintiff's action against Thomson, which was calculated seriously to affect her rights, and which, therefore, should be brought to the attention of the court. We think, therefore, that so far as the defendant, Thomson, was concerned, he could make no valid objection to the order permitting the plaintiff to file the amended and supplemental complaint; and it is equally clear that there was no error in granting the order restraining Thomson from proceeding with his action for partition against the escheator, especially after it appeared that proper proceedings in escheat had been commenced, in which, alone, as we shall presently see, the question of escheat could be properly determined ; for it would be manifestly improper to allow an action, based upon the assumption that the property had escheated, to proceed before the fact of escheat was determined in a proper proceeding for that purpose then pending.

But whether there was any error in allowing the escheator to be embraced in the amended and supplemental complaint for the

purpose of enjoining that officer from prosecuting the proceedings for escheat instituted by him, is another question. Judge Fraser, in granting the order for leave to file the amended and supplemental complaint, seems to have had an idea that, so far as the personal estate was concerned, the escheator could properly be made a party to the plaintiff's action, though he, in terms, reserved his opinion as to the power of the court in that action to interfere with the proceedings for the escheat of the real estate; and afterwards declined to do so by refusing to enjoin the escheator from prosecuting his proceedings to escheat the real estate. The statute provides a different mode of proceeding to determine the question of escheat as to personal estate from that prescribed in case of real estate, and as no proceedings for the escheat of the personal estate seem to have been commenced, we do not know that it is a practical question in this case as yet as to the personal estate. We may say, however, that the legislature having prescribed the special modes of proceeding to determine the question of escheat, both as to real and personal property, we do not think it proper for the courts to recognize any other mode.

We think, therefore, that it was error to permit the escheator to be made a party to the plaintiff's action, even for the purpose of determining the question of escheat as to the personal property, and that there was no error in refusing to enjoin the proceedings commenced under the statute to escheat the real estate. It seems to us that the legislature having, in chapter XCII. of the General Statutes, expressly provided the specific mode of proceeding in cases of escheat, and having declared in section 2313 that "the mode therein prescribed for recovering and appropriating real and personal property escheated to the State shall be pursued and observed," we are not at liberty to sanction any other mode. And, as was well argued by the counsel for the escheator, the mode prescribed by statute is much the best mode, as affording the easiest and most complete method of determining finally the rights and claims of all parties. For, if the plaintiff should be allowed to go on and contest the question of escheat, as well as her right to the property in question, in the action which she has instituted, that would not determine the rights of any

other claimants who might appear. So if Thomson should be allowed to proceed with his action against the escheator, the question as to whether the property was liable to escheat would still be left undetermined. But if the escheator is allowed to proceed in the mode prescribed by statute, that will finally determine the question.

It is argued, however, on behalf of the appellant, that inasmuch as the decedent left a will, there can be no escheat; but it seems to us that it is premature to consider that question now, as it can be properly determined only in the proceeding for escheat under the statute.

The remaining question as to whether there was any error in refusing to stay proceedings pending the appeal from the order refusing to enjoin the escheator from prosecuting the statutory proceeding instituted by him, has now become purely speculative, by reason of the order in the prohibition proceeding, and need not, therefore, be considered. We may say, however, that to allow a notice of appeal from an order refusing an injunction, to operate as a stay, would put it in the power of a litigant to obtain, practically, what he might not be entitled to legally.

The judgment of this court is, that the order granting the plaintiff leave to file an amended and supplemental complaint be affirmed, except in so far as it permitted her to make the escheator a party, in which respect it is reversed, and that the order enjoining Thomson from proceeding with his action for partition against the escheator until the further order of the court, and the order refusing to enjoin the escheator from prosecuting his proceedings for escheat under the statute, be affirmed.